UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUDE SAFO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CV-485-ZMB |
| | ) | |
| CARL GOODMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Strike Amended Complaint, Doc. 34, and Motion to Strike Memorandum in Opposition to Motion, Doc. 36. Because Plaintiff Jude Safo promptly corrected the signature deficiencies, the Court denies Defendants' motions as moot.

## BACKGROUND

Safo filed his Complaint in March 2026, Doc. 1, along with an Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2. Shortly thereafter, the Court denied Safo's Application, directed him to pay the filing fee within 30 days, and warned that his failure to do so would result in the dismissal of this case. Doc. 4. After paying the fee, Safo filed an Amended Complaint. Doc. 27. Defendants later moved to strike the Amended Complaint for failure to include a physical signature. Doc. 34 at 1–2. Safo responded in opposition, asserting that the motion was moot because he had promptly corrected the filing in accordance with Federal Rule of Civil Procedure 11(a). Doc. 35 at 1–2. Defendants then moved to strike Safo's memorandum, as the memorandum in opposition also did not bear a physical signature. Doc. 36 at 2. One week later, Safo filed a corrected version of his opposition, Doc. 37, alongside a memorandum asserting that the latest motion also should be denied as moot, Doc. 38.

## DISCUSSION

Defendants are correct that relevant local and federal rules require that pro se parties to physically sign their filings. FED. R. CIV. P. 11(a); E.D. MO. L.R. 2.11. But they are incorrect in asserting that this failure warrants dismissal of the entire case. Doc. 34 at 2. True, a pro se party is not excused from complying with the Federal Rules of Civil Procedure. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). But here, Rule 11(a) indicates that even striking an unsigned filing is inappropriate if "the omission is promptly corrected after being called to the . . . party's attention." FED. R. CIV. P. 11(a). And Safo has now twice promptly corrected his errors, Docs. 35-2, 37. Accordingly, both of Defendants' motions are moot. *See Rhodes v. Napolitano*, 656 F. Supp. 2d 174, 186 (D.D.C. 2009) (denying motion to strike as moot after counsel signed complaint). However, Safo is warned to ensure that his future filings with this court contain a physical signature.

## CONCLUSION

Accordingly, the Court **DENIES** as moot Defendants' [34] Motion to Strike Amended Complaint and [36] Motion to Strike Memorandum in Opposition to Motion. Further, the Clerk of Court is instructed to detach Safo's Corrected First Amended Complaint, Doc. 35-2, and file it on the docket. Defendants must file an answer or other responsive pleading to Safo's First Amended Complaint no later than August 5, 2026. The Court does not anticipate granting any further extension absent a showing of exceptional circumstances.

So ordered this 6th day of July 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

2